<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EARL JAMES,  :  | Civil No. 07-3609 (KSH) |
| :  | Civil No. 07-4683 (KSH) |
| Plaintiff,  :  | |
| :  | <u>OPINION</u> |
| v.  :  | |
| :  | |
| SUPERIOR COURT OF NEW JERSEY,  : | |
| et al.,  :  | |
| :  | |
| Defendants.  :  | |

**APPEARANCES**:

    EARL JAMES, #44524-054, <u>Pro Se</u>
    FCI Allenwood Low
    P.O. Box 1000
    White Deer, Pennsylvania 17887-1000

**HAYDEN**, District Judge

    Plaintiff Earl James, a federal prisoner incarcerated at FCI Allenwood Low, seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Because the complaint is related to the complaint this court dismissed in <u>James v. Superior Court of New Jersey, Bergen County</u>, Civil No. 07-4683 (KSH) order (D. N.J. Oct. 19, 2007), this court will direct the Clerk to file it in that action as a supplemental complaint. As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this court has screened the complaint for dismissal and, for the reasons set forth below, will dismiss the complaint. In addition, the court will direct the Clerk to file this opinion and the accompanying order in Civil No. 07-4683 (KSH), and to administratively terminate Civil No. 07-3609 (KSH).

## I.  BACKGROUND

Plaintiff signed the complaint and application to proceed in forma pauperis on July 17, 2007.  The Clerk received it on August 8, 2007.  Plaintiff seeks damages for the alleged violation of his constitutional rights from the Superior Court of New Jersey, Bergen County; Nicholas Ostuni, Assistant Bergen County Prosecutor; the Hackensack Police Department; Hackensack Police Demetrius Carroll, Jennifer Finley, Chief Charles K. Zisa, and Thomas Aletta; the United States Postal Inspection Service; Postal Inspector Paul Coppola; the Port Authority of New York and New Jersey; and David Massey, Assistant United States Attorney for the Southern District of New York.  Plaintiff's factual allegations, which involve a federal criminal prosecution in the Southern District of New York, and two New Jersey criminal prosecutions in the Superior Court of New Jersey, are confusing to say the least.

Before this court screened the complaint, on September 26, 2007, Plaintiff signed and submitted to the Clerk of the Court a second complaint naming the same defendants and seeking damages for alleged constitutional violations.  See James v. Superior Court of New Jersey, Bergen County, Civil No. 07-4683 (KSH) (D. N.J. filed Oct. 1, 2007).  In an order filed October 19, 2007, this court granted in forma pauperis status, filed the second complaint, and dismissed the second complaint.  Unbeknownst to the court, plaintiff's second complaint concerned the same incidents described in the first complaint.  This court read the second complaint as challenging plaintiff's arrest by federal authorities on May 23, 2005, the seizure of his vehicle by federal authorities in Hackensack, New Jersey, and his federal criminal prosecution and sentence imposed by the Southern District of New York, which sentence he is presently serving.  In the opinion accompanying the order of dismissal, this court ruled that the Superior Court of New

Jersey, the Hackensack Police Department, the United States Postal Inspection Service and the Port Authority of New York and New Jersey, were not subject to suit for damages under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and dismissed all claims against those defendants with prejudice.  This court held that Assistant United States Attorney David Massey and Bergen County prosecutor Nicholas Ostuni were absolutely immune from suit for damages because plaintiff's claims against those defendants were based on the initiation and pursuit of plaintiff's criminal prosecution.  This court dismissed the claims against the individual police officers pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), because the court construed the second complaint as seeking damages for plaintiff's federal criminal prosecution and conviction, which has not been reversed on direct appeal, expunged by executive order, or called into question by the issuance of a federal writ of habeas corpus.  Id. at 486-87.  Plaintiff filed a notice of appeal, which is pending before the Third Circuit.  See James v. Superior Court of New Jersey, C.A. No. 07-4332 notice of docketing (3d Cir. Nov. 23, 2007).

  In reviewing the docket and screening plaintiff's complaint in Civil Action No. 07-3609 (KSH) for dismissal, it came to the court's attention that the factual allegations involve the same incidents as the second complaint, and that the facts and claims set forth by the plaintiff in Civil Action No.07-4683 might be alternatively construed.  Thus, this opinion will address the alternative construction of plaintiff's factual allegations.

  Reading the two complaints together, the court alternatively construes them as alleging the following facts, which this court is required to regard as true for the purposes of this review. See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007) (citing Markowitz v. Northeast Land

3

Co., 906 F. 2d 100, 103 (3d Cir. 1990)).  In addition, this court takes judicial notice of the docket and filings in In re Application for Search Warrant, Crim. No. 05-mj-6061 (RJH) (D.N.J. filed June 13, 2005), and United States v. James, Crim. No. 05-0540 (CM) (S.D.N.Y. filed May 18, 2005).

      On May 18, 2005, a federal grand jury sitting in the Southern District of New York returned a two-count indictment charging plaintiff with conspiracy to use stolen credit cards to incur at least $1,000 in unauthorized purchases and use of such stolen credit cards.  See United States v. James, Crim. No. 05-0540 (CM) (S.D.N.Y. filed May 18, 2005).  The indictment arose after Bergen County police arrested plaintiff on April 10, 2001, and searched the Lincoln Navigator vehicle he and another perosn occupied as they attempted to obtain a package from an overnight delivery courier.  See In re Application for Search Warrant, Crim. No. 05-mj-6061 (RJH) (D.N.J. filed June 13, 2005).  Inside the car, police officers found a laptop computer, an external data storage device, and several cellular telephones containing the names and identifying information of the victims of the scheme to defraud credit card holders by purchasing merchandise with a stolen credit card and requesting the merchandise to be delivered to the legitimate cardholder by overnight courier.  Id.  The next day, plaintiff or another member of the conspiracy would physically intercept the package from the delivery courier before it reached the legitimate cardholder.  Id.  Pursuant to the indictment, an arrest warrant issued, and on May 23, 2005, plaintiff was arrested by federal authorities.  See United States v. James, Crim. No. 05-0540 (CM) (S.D.N.Y. filed May 18, 2005).

      Plaintiff asserts that, on May 23, 2005, he appeared in the Superior Court of New Jersey in Hackensack, New Jersey, on New Jersey criminal charges.  Attached to the complaint as

4

Exhibit A is a portion of the transcript, which shows that these charges were brought as a result of the April 10, 2001, arrest by local police.[1] (Compl., Exhibit A.) According to this transcript, Defendant Ostuni appeared for the state (also present were agents from the Postal Inspection Service, the Port Authority, the Secret Service). The transcript shows that these New Jersey charges were dismissed at the request of Ostuni on the ground that a federal indictment had issued on the matter and plaintiff was to appear that afternoon in the United States District Court for the Southern District of New York on the new federal charges.

     Plaintiff asserts that he had driven to the state court in Hackensack in his car, which he had parked at an unspecified location. He asserts that agents from the Postal Inspection Service and the Port Authority arrested him as he left the Superior Court in Hackensack, and transported him to the United States District Court for the Southern District of New York. He asserts that he appeared in federal court that afternoon. The docket indicates that plaintiff appeared in the Southern District before Judge George A. Yanthis for arraignment on May 23, 2005. See United States v. James, Crim. No. 05-0540 (CM) (S.D. N.Y. filed May 18, 2005). The docket shows that plaintiff entered a plea of not guilty, Judge Yanthis set bail, and plaintiff was released later that day on bond. Id. The docket further shows that on March 21, 2006, plaintiff entered a plea of guilty, and on May 10, 2006, he was sentenced to a 21-month term of imprisonment. Id. His projected release date is March 7, 2008.

     Plaintiff asserts that, unbeknownst to plaintiff, on May 23, 2005, the Port Authority impounded plaintiff's vehicle. According to the affidavit of Paul Coppola filed in In re Search

---

[1] Attached as Exhibit A to the complaint are pages three through seven of the transcript of proceedings before the Law Division of the Superior Court of New Jersey, entitled State v. James, Docket No. S-1978-03.

Warrant, Crim. No. 05-mj-6061 (RJH) affidavit ¶ 8 (D. N.J. June 13, 2005), the car, a Chrysler Pacifica, was impounded because it was parked at an expired meter and, in plain view inside the vehicle, a law enforcement official saw an external data storage device, an electrical power converter for a laptop computer, and a cell telephone, all consistent with the instrumentalities of fraud recovered from the Navigator on April 10, 2001.  Id.  According to Coppola, on June 13, 2005, the United States Attorney's Office in the District of New Jersey filed an application to obtain a warrant to search the Pacifica, which was at that time parked in a Port Authority lot in Fort Lee, and to seize property constituting evidence, fruits and instrumentalities of a federal crime.  Id.  The docket reflects that on June 13, 2005, United States Magistrate Judge Ronald Hedges issued the search warrant, which was returned executed on July 25, 2005.  A copy of the search warrant is attached to the Complaint as Exhibit C.

   Plaintiff asserts that, although defendants Coppola and Massey were in court on May 23, 2005, no one told him that his car had been impounded.  He asserts that upon his release on bond, he went to Hackensack to retrieve his car, and discovered that it was not where he had parked it.  He states that he telephoned the Hackensack police, and an officer informed him that a computer search revealed that the vehicle had not been impounded, and that he should report the car stolen if it was not in their system the next day.  Plaintiff states that two days later, he reported the car as stolen to the Hackensack police and Allstate Insurance Company.  Plaintiff alleges that a few weeks later, a representative from Allstate informed plaintiff that the car had been recovered and that he could pick it up at the Post Office in New York City.  Plaintiff asserts that he picked up the car and found the search warrant dated June 13, 2005, inside.

Plaintiff maintains that certain defendants concocted a plot to prosecute him for attempted insurance fraud and theft by deception in the Superior Court of New Jersey, Bergen County. He alleges that those defendants violated his rights by testifying falsely before a New Jersey grand jury in order to obtain plaintiff's New Jersey indictment. Specifically, he asserts that Paul Coppola falsely testified that he told plaintiff on May 23, 2005, that federal authorities had impounded the vehicle, and that defendants Ostuni and Chief Zisa falsely testified that they were present when Coppola told plaintiff about the car. Plaintiff asserts that he never received a copy of any papers authorizing officials to seize the car on May 23, 2005, and he received only the warrant issued on June 13, 2005. Plaintiff contends that defendants Zisa, Aletta, Finley and Carroll violated his constitutional rights by failing to conduct a thorough investigation into the facts surrounding the attempted insurance fraud and theft by deception charges.

Several documents are attached to the complaint. As previously mentioned, Exhibit A includes pages three through seven of proceedings in the Superior Court of New Jersey on May 23, 2005. Exhibit B is a three-page report dated June 16, 2005, by Detective Jennifer Finley of the Hackensack Police Department concerning a complaint for theft by deception she brought against plaintiff. The report states that on June 15, 2005, police received a teletype from Postal Inspector Coppola stating that the vehicle which plaintiff reported stolen on May 27, 2005, had been impounded by the Postal Service from Main and Bergen streets in Hackensack on May 23, 2005. Finley further reported that, according to Coppola, plaintiff had been advised on May 23, 2005, while he was in the Superior Court, that the vehicle was going to be impounded, but he refused to give federal officials the location of the vehicle. Finley states that plaintiff had reported the vehicle as stolen to police officer Carroll on or about May 27, 2005. She further

states that she contacted Ostuni, who told her that plaintiff had been advised in court that the vehicle was going to be impounded and that plaintiff denied owning the vehicle. Finley concludes that, based on her investigation, she signed criminal complaints against plaintiff for attempted theft by deception and false reporting, and obtained a warrant for his arrest.

Exhibit C is a copy of the search warrant issued by United States Magistrate Judge Ronald Hedges at 2:40 p.m. on June 13, 2005, authorizing postal inspector Paul Coppola to search the Pacifica. Exhibit D is two pages of the transcript of plaintiff's arraignment on May 23, 2005, before United States Magistrate Judge George A. Yanthis.[2] Exhibit E is a copy of the New Jersey indictment charging plaintiff with making a false or fraudulent statement in connection with a claim for payment between May 23, 2005, and June 15, 2005, from an insurance company, and attempted theft by deception from May 27, 2005, and June 15, 2005. See State v. James, Ind. No. S-2273-05 (N.J. Super., Law Div., July 2005). Exhibit F is a copy of a Detainer Action Letter dated October 2, 2006, indicating that the Bergen County Sheriff's Office lodged a detainer against plaintiff, who is scheduled to be released on March 7, 2008; a copy of a warrant for plaintiff's arrest for insurance fraud on indictment no. 05-12-2273I, issued on September 11, 2006, by Superior Court Judge William C. Meehan; and a notice of untried indictment regarding the pending insurance fraud charges, pursuant to the Interstate Agreement on Detainers, advising plaintiff that he may request final disposition.

---

[2] Page 14 of this transcript indicates that AUSA Massey stated in open court, in response to the question from plaintiff's attorney, that the car was impounded in New Jersey because it was parked too long in a metered area.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"A document filed pro se is to be liberally construed, and a  pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, _ U.S. _, _, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972).   "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson, 127 S. Ct. at 2200 (citations and internal quotation marks omitted).  As the Court of Appeals recently explained, although "there are reasonable inferences apart from [a constitutional violation] that could be drawn from the complaint . . . the fact that such inferences may be drawn is proof that the dismissal was premature.  The appellants have met their obligation to provide grounds for their entitlement to relief by presenting factual allegations sufficient to raise their right to relief above a speculative level."  Stevenson v. Carroll, 495 F. 3d at 65-67.

9

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004). However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

10

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Liberally construing the first and second complaints, the court now alternatively reads the complaints as raising the following potential federal claims: (A) the impoundment of plaintiff's Pacifica vehicle by federal authorities on May 23, 2005, violated his rights under the Fourth and Fourteenth Amendments; (B) defendants' false testimony before a New Jersey grand jury violated plaintiff's constitutional rights; (C) the Hackensack police officers violated his constitutional rights by conducting a negligent investigation of the insurance fraud charges; (D) prosecutor Ostuni is maliciously prosecuting him in the Superior Court of New Jersey for attempted insurance fraud and theft by deception; and (E) violation of 18 U.S.C. §§ 1621-23 and 28 U.S.C. § 1746.

A. Seizure of Vehicle

Plaintiff complains that federal officials impounded his Pacifica car on May 23, 2005, and held it without a warrant until June 13, 2005. This court construes plaintiff's allegations in this

regard as a potential Fourth Amendment claim.  As this court observed in its opinion entered October 19, 2007, in Civil No. 07-4683 (KSH), plaintiff's Fourth Amendment seizure claim based on the impounding of his car without a warrant from May 23, 2005, through June 13, 2005, is time barred.  The Fourth Amendment claim accrued at the latest when plaintiff picked up the car in June 2005 at the Post Office in New York City and he saw the search warrant issued on June 13, 2005, by United States Magistrate Judge Hedges.  Because the statute of limitations expired at the end of June 2007 and plaintiff did not execute the complaint until July 17, 2007, plaintiff's Fourth Amendment claim based on the seizure of the car is time barred.[3]

Even if the seizure claim were not time barred, this court would dismiss the claim on the merits because law enforcement officials properly impounded the car.  This court's docket in In re Search Warrant, Crim. No. 05-mj-6061 (RJH), shows that the car was parked at an expired meter, and law enforcement officials saw instrumentalities the federal crime for which plaintiff had been indicted, in plain view inside the car plaintiff had driven.

B.  False Testimony

Plaintiff complains that Paul Coppola and other individual defendants falsely testified before the New Jersey grand jury that they informed plaintiff on May 23, 2005, that federal authorities impounded his Pacifica that day in Hackensack, New Jersey.  He further contends that, as a result of this false testimony, he was indicted in New Jersey for attempted theft by deception and insurance fraud.  The problem with these claims is that a witness enjoys absolute immunity from damages under § 1983 and Bivens for false testimony before a grand jury.  See

---

[3] Although the Clerk did not receive the first complaint until August 2, 2007, this court presumes that plaintiff handed it to prison officials in Pennsylvania for mailing to the Clerk on July 17, 2007, the date plaintiff signed it.

12

Briscoe v. LaHue, 460 U.S. 325, 330-346 (1983) (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings). Accordingly, the claims for false testimony before the grand jury are dismissed on the ground of absolute immunity.

C. Negligent Police Investigation

Plaintiff complains that the police chief and Detective Finley of the Hackensack Police Department negligently conducted the insurance fraud investigation, which resulted in the filing of a criminal complaint and the issuance of an arrest warrant and indictment against plaintiff. This § 1983 claim for negligent investigation fails because "[t]he obligation of local law enforcement officers is to conduct criminal investigations in a manner that does not violate the constitutionally protected rights of the person under investigation. Therefore, whether the officers conducted the investigation negligently is not a material fact. Indeed, for Fourth Amendment purposes, the issue is not whether information on which police officers base their request for an arrest warrant resulted from a professionally executed investigation; rather, the issue is whether that information would warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F. 3d 480, 484 (3d Cir. 1995). As plaintiff does not assert that Detective Finley lacked probable cause to obtain a warrant for plaintiff's arrest based on the allegedly false information she received from Coppola and Ostuni, and Finley's negligent investigation in and of itself does

13

not violate the Constitution, Plaintiff's § 1983 claims based on negligent police investigation will be dismissed.

D.  Unconstitutional Indictment

Plaintiff complains that defendants conspired to falsely procure his New Jersey indictment for attempted insurance fraud and theft by deception. The court construes plaintiff's complaints as attempting to assert a constitutional tort for malicious prosecution regarding these pending New Jersey charges. "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791-5 (3d Cir. 2000); Torres v. McLaughlin, 163 F.3d 169, 172-74 (3d Cir. 1998); Lind v. Schmid, 67 N.J. 255, 262 (1975); see also Hartman v. Moore, 547 U.S. 250 (2006). Because the criminal prosecution for attempted theft by deception and insurance fraud has not terminated in plaintiff's favor, but is still pending, plaintiff has not stated a constitutional tort for malicious prosecution.[4]

---

[4] As this court indicated in its prior opinion, a prosecutor is absolutely immune for a decision to prosecute. See Hartman v. Moore, 547 U.S. at 262; Imbler v. Pachtman, 424 U.S. 409, 431 (1976). The proper defendant in such a proceeding would be the inspector or other person who may have influenced the prosecutorial decision. See Hartman, 547 U.S. at 262.

E.  Statutory Violations

Plaintiff asserts that defendants violated 18 U.S.C. §§ 1621-23 and 28 U.S.C. § 1746 by making false declarations before a court in order to fabricate criminal charges against him. Section 1746 provides that, when any matter is required or permitted to be proved by sworn declaration, oath or affidavit, such matter "may, with like force and effect, be supported . . . by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . ." 28 U.S.C. § 1746.  Section 1621 of Title 18 makes perjury a crime punishable by fine or up to five years of imprisonment or both, and states that one who subscribes to a false statement under penalty of perjury pursuant to 28 U.S.C. § 1746 may be charged with perjury under 18 U.S.C. § 1621(2).  See 18 U.S.C. § 1621(1) and (2); Dickinson v. Wainwright, 626 F. 2d 1184, 1186 (5th Cir. 1980).  Section 1622 states that one who "procures another to commit any perjury is guilty of subornation of perjury, and shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 1622.  Section 1623, entitled "False declarations before grand jury or court," makes it a crime to make a false material statement under oath "in any proceeding before or ancillary to any court or grand jury of the United States."  See 18 U.S.C. § 1623(a).

On its face, § 1623 is inapplicable because it proscribes perjury before a federal court or grand jury, and plaintiff asserts that defendants testified falsely before a state grand jury.  More significantly, there is no private right of action for damages to enforce federal perjury statutes. See Ippolito v. Meisel, 958 F. Supp. 155, 167 (S.D. N.Y. 1997); Ali v. Person, 904 F. Supp. 375, 377 n.1 (D. N.J. 1995); Weiland v. Byrne, 392 F. Supp. 21 (N.D. Ill. 1975).  Thus, plaintiff's

15

Case 2:07-cv-03609-KSH-PS   Document 2   Filed 02/07/08   Page 16 of 16 PageID: 63

claims seeking damages based on the alleged violation of federal criminal perjury statutes is dismissed for failure to state a claim upon which relief may be granted.

### IV.  CONCLUSION

For the reasons set forth above, the court will dismiss the Complaint and will direct the Clerk of the Court to file the complaint, this opinion and the accompanying order in the action entitled <u>James v. Superior Court of New Jersey, Bergen County</u>, Civil No. 07-4683 (KSH), and to administratively terminate this action.


    /s/ Katharine S. Hayden
**KATHARINE S. HAYDEN, U.S.D.J.**

Dated:  February 6,  2008

16